**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MY HEALTH, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTOUCH TECHNOLOGIES, INC., <br><br> Defendant. | Civil Action No. <br><br><br><br> **(JURY TRIAL DEMANDED)** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, My Health, Inc. ("*My Health*" or "*Plaintiff*"), by and through its attorneys, makes and files this Complaint against Defendant InTouch Technologies, Inc. ("*InTouch,*" or "*Defendant*").  In support of this Complaint, Plaintiff alleges and complains as follows:

**PARTIES**

1. My Health is a Delaware corporation having its registered agent and principal place of business in the Eastern District of Texas.

2. All right, title, and interest in and to the Patent, including the right to sue for all past and present infringement damages, was assigned by the University of Rochester to My Health.

3. Michael E. Eiffert M.D. ("*Dr. Eiffert*"), the CEO of My Health and an inventor of United States Patent No. 6,612,985 entitled "Method and system for monitoring and treating a patient" (the "*'985 Patent*").

4. Upon information and belief, InTouch Technologies, Inc. is a corporation organized under the laws of the state of Delaware, with its principal place of business located at 6330 Hollister Avenue, Goleta, California 93117.

5. Upon information and belief, InTouch has sold, currently sells, and offers for sale the Accused Products and other infringing products through the stream of commerce in retail stores and other outlets within this jurisdiction.

6. InTouch has not been granted a license or any other rights to the '985 Patent.

7. On information and belief, InTouch has generated significant sales of products incorporating the Plaintiff's technology, easily exposing InTouch to significant liability for its infringement of the '985 Patent.

### SUMMARY OF THE CASE

8. While affiliated with the University of Rochester, Dr. Eiffert and Lisa C. Schwartz invented a unique technology that assists healthcare providers in monitoring and treating patients. Consequently, on September 2, 2003, the University of Rochester was awarded the '985 Patent, that it later assigned to My Health.

9. My Health is an early stage company, fostering medical technologies through the proof of concept stage for larger, more established entities.

10. My Health focuses on serving as a pipeline for new technologies, assisting scientists and engineers in bringing their ideas to fruition and, ultimately, to companies with the expertise to market on a global scale.

11. My Health's patented technology also enables health care practitioners to escape the drudgery of practice management by automating other tasks such as branding staffing, human

resource management, payroll, retirement planning, marketing and practice development, and revenue cycle management.

12. My Health offers licenses of the '985 Patent to health care and technology companies and has currently granted more than 40 licenses to leaders in these industries.

13. InTouch Technologies provides a telehealth network and services that support access and delivery of clinical care to patients.

14. InTouch engaged in and continues to engage in willful and knowing patent infringement because it has actual knowledge of the patent at least as early as September 2013 when My Health's licensing agent contacted InTouch, and yet continues to practice the technology covered under the '985 Patent.

15. It is believed that InTouch has generated significant sales of products incorporating the Plaintiff's technology, easily exposing InTouch to significant liability for its infringement of the '985 Patent.

### JURISDICTION AND VENUE

16. This is a claim for patent infringement that arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

17. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338, and applicable principles of supplemental jurisdiction.

18. Defendant is subject to personal jurisdiction in the state of Texas (this "*State*") and this judicial district consistent with the principles of due process because it transacts business, contracts to supply goods or services in this judicial district, and has otherwise

purposefully availed itself of the privileges and benefits of the laws of Texas and is therefore subject to the jurisdiction of this Court.

19. Upon information and belief, Defendant distributes its products through established channels of commerce in this judicial district

20. Upon information and belief, Defendant employs and solicits employment of residents of this State and this judicial district who work in this state in various capacities, including product specialists in Dallas, Frisco, and surrounding areas as noted on Defendant's website at http://www.intouchhealth.com/about/careers/.

21. Upon information and belief, Defendant places products for sale online to be used, shipped, and sold in this State and this judicial district.

22. Good Morning America, a nationwide news program, reported on Defendant's extensive work in Texas and in this judicial district, utilizing the Accused Product in Dallas and the surrounding rural areas. InTouch Health advertises this appearance on its Youtube channel at https://www.youtube.com/watch?v=QqDgZCzLcdA.

23. Upon information and belief, Defendant offers services for sale, advertises services, and lobbies and advocates in the area of health and technology in this State and this judicial district.

24. Upon information and belief, Defendant also places the Accused Products in the stream of commerce with the expectation that they will be bought and sold in this judicial district.

25. Defendant has offered and continues to offer its products for sale in this State, has transacted business and continues to transact business in this State, has committed and/or

induced acts of patent infringement in this State, and/or has placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this State.

26. Such Accused Products has been offered for sale and sold in this State and in this judicial district through various outlets.

27. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because InTouch has done business, has infringed, and continues to infringe the '985 Patent within this District as stated more fully above, and this action arises from transactions of that business and that infringement.

**FIRST CLAIM FOR RELIEF**

**INFRINGEMENT OF U.S. PATENT NO. 6,612,985**

28. The '985 Patent, a copy of which is attached hereto as **Exhibit A**, is entitled "Method and System for Monitoring and Treating a Patient" and was duly and legally issued by the United States Patent and Trademark Office. My Health is the owner of all right, title and interest in and to the '985 Patent, including standing to sue and recover all past, present, and future damages for infringement of the '985 Patent.

29. My Health has complied with the provisions of 35 U.S.C. § 287.

30. Upon information and belief, Defendant, either alone or in conjunction with others, has infringed and continues to infringe, contribute to infringement, and/or induce infringement of the '985 Patent by making, using, selling, and/or offering to sell, and/or causing others to use, methods and systems, including, but not limited to the InTouch Health's Telehealth

(the "*Accused Product*"), which infringes one or more claims of the of the '985 Patent, including, but not limited to claims 1, 4, and 7 of the '985 Patent.

31. Defendant is liable for infringement of one or more claims of the '985 Patent, including, but not limited to claims 1, 4, and 7, pursuant to 35 U.S.C. § 271 as set forth therein and incorporated by this reference, by making, using, selling, offering for sale, and/or importing the Accused Products.

32. By way of example and not as a limitation, Defendant's Accused Product conducts each and every element of the '985 patent's method claim 1 by:

    a. Determining a current assessment of one or more diagnosed conditions in a patient based on data about each of the diagnosed conditions from the patient who is at a remote location and on one or more assessment guidelines for each of the diagnosed conditions through its system that features (i) a remote communication system that supports clinical care goals, (ii) remote intensive care management through rounding and urgent response, (iii) need ready access to patient data, and (iv) the ability to write orders and document care;

    b. Updating an existing treatment plan for each of the diagnosed conditions based on the existing treatment plan, the current assessment, and on one or more treatment guidelines for each of the diagnosed conditions to generate an updated treatment plan for each of the diagnosed conditions through the platform's "expanding options for diagnostic tools and services, documentation and follow up, transcription, measures and analytics, and communication between care teams; Defendant describes its system as a

"remote presence solution" that "enables a remote clinician to be interactively presenting the patient environment and gather pertinent medical information through examination and data access to form a medical decision and care plan";

c. Reviewing the updated treatment plan for each of the diagnosed conditions through the SureConnect platform with "the ability to connect applications, which provide decision support, real-time collaboration and documentation tools that automate specific clinical workflows in a secure, HIPAA-compliant manner;

d. Determining if one or more changes are needed to the reviewed treatment plan for each of the diagnosed conditions as stated on Defendant's website: "The InTouch Telehealth Network includes 24/7 proactive monitoring and troubleshooting, and a suite of end-to-end diagnostics functions to ensure that the technology supports the participants' clinical care goals";

e. Changing the reviewed treatment plan if the one or more changes are determined to be needed by employing the program(s) as described above and changing the treatment plan as necessary;

f. Providing the patient with the reviewed treatment plan for each of the diagnosed conditions through its communications platform that "[t]ransmits, stores, converts, or displays medical device data that are intended to be relied upon in deciding to take immediate clinical action or that are to be used for continuous monitoring by… the patient" among others; and

   g. Generating and providing compliance data based on the updated treatment plan and the reviewed treatment plan for each of the diagnosed conditions through providing analytics, measurements, and communication between care teams.

  33. Defendant is liable for indirect infringement of the '985 Patent by inducing and/or contributing to direct infringement of the '985 Patent committed by end users of the Accused Products.

  34. From at least as early as September 2013, when InTouch was given actual notice of the '985 Patent, InTouch induced infringement because it knew, or should have known, that its acts would cause patent infringement, and it acted with intent to encourage direct infringement by its users.

  35. At least as early as September 2013, InTouch contributed to direct infringement by its end users by knowing that its Accused Products and methods would be implemented by its end users; that its methods, components, system and Accused Products were especially made or especially adapted for a combination covered by one or more claims of the '985 Patent; that there are no substantial non-infringing uses; and the Accused Products is a material part of the infringement.

  36. InTouch has knowledge of the '985 Patent and is infringing despite such knowledge. The infringement has been and continues to be willful and deliberate.

  37. InTouch's acts of infringement have damaged Plaintiff, and Plaintiff is entitled to recover from InTouch the damages sustained as a result of InTouch's wrongful acts in an amount subject to proof at trial, but in no event less than a reasonable royalty.

38.     InTouch's infringing activities have injured and will continue to injure Plaintiff unless and until this Court enters an injunction prohibiting further infringement of the '985 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that, after a trial, the Court enter judgment against Defendant as follows:

A.  An entry of final judgment in favor of Plaintiff and against Defendant;

B.  An award of damages adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C.  An injunction permanently prohibiting Defendant and all persons in active concert or participation with any of them from further acts of infringement of '985 Patent;

D.  Treble damages as provided for under 35 U.S.C § 284 in view of the knowing, willful, and intentional nature of Defendant's acts;

E.  Awarding Plaintiff its costs and expenses of this litigation, including its reasonable attorneys' fees and disbursements, pursuant to 35 U.S.C. § 285; and

F.  Such other further relief that Plaintiff is entitled to under the law, and any other and further relief that this Court or a jury may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all claims and issues so triable.

Respectfully Submitted,

Dated: May 19, 2016

By: */s/ Elizabeth L. DeRieux*

Joseph G. Pia
joe.pia@padrm.com
Texas Bar No. 24093854
Robert Aycock (Admitted in this District)
Utah State Bar No. 8878
raycock@padrm.com
Sara Payne (Admitted in this District)
Utah State Bar No. 14008
spayne@padrm.com
PIA ANDERSON DORIUS REYNARD & MOSS
222 South Main Street, Suite 1830
Salt Lake City, Utah 84101
Telephone: (801) 350-9000
Facsimile: (801) 350-9010

Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@capshawlaw.com
CAPSHAW DERIEUX, L.L.P.
114 East Commerce Avenue
Gladewater, Texas 75647
Telephone: (903) 845-5770

*Attorneys for Plaintiff*